UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

MILENIS MORALES,

Defendant.

---

09-CR-617-02 (JBW)

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



JACK B. WEINSTEIN, Senior United States District Judge:

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On November 16, 2009, Milenis Morales pled guilty to a lesser-included offense within Count Two of a four-count indictment. Count Two charges that on August 9, 2009, Milenis Morales together with others, imported into the United States five kilograms or more of cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), and 960(b)(3). The remaining Counts were dismissed.

Milenis Morales was sentenced on August 30, 2010. Because defendant objected to videotaping, the proceeding was not videotaped. *Cf. In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twenty-one and Defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between thirty-seven and forty-six months. The calculation of the total offense level included a four-point minimal role adjustment and a three-point acceptance of responsibility adjustment. The offense carried a maximum term of imprisonment of twenty years. *See* 21 U.S.C. § 960(b)(3). It was conceded by the Defendant and the Government, and the court found, that all statutory requirements for the "safety valve" under 18 U.S.C. § 3553(f) had been met. The guidelines range of fine was from $7,500 to $1,000,000. The statutory maximum fine was $1,000,000. *See* 21 U.S.C. § 960(b)(3).

Milenis Morales was sentenced to five years probation. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that she will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*. The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). The offense is a serious one. Defendant appears to be contrite and has demonstrated that she understands the seriousness of the crime. Defendant comes from a stable matriarchal family and has support from her extended family. She has attempted to educate herself despite coming from deprived circumstances. She was raised without a breadwinner in the family except for her mother, who was able to do only menial work because of her limited education. Defendant has made strong efforts to rehabilitate herself and has enrolled in Bronx Community College. Five years probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in the importation of narcotics into the United States will result in a substantial probationary sentence. Specific deterrence is achieved through the impact of this conviction on certain employment defendant may seek. The further protection of the public from crimes from this defendant is not required.

Given Defendant's demonstrated inability to resist pressure, in prison she would be dominated by harsh criminals who might take advantage of her, and she could not be protected from sexual attacks. Defendant's educational and vocational training would better be accomplished outside of prison rather than in prison. Community service is not useful here because it would interfere with her education and work. However, close probation supervision is required. Defendant is required to continue her education under the close supervision of her

probationary supervisor. It is unlikely that she will engage in further criminal activity in light of her remorse, and her strong sense of personal responsibility.

/s/ Jack B. Weinstein
Jack B. Weinstein
Senior United States District Judge

Dated: September 7, 2010
       Brooklyn, New York